UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DOZIER INTERNET LAW, P.C.,            )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )        No. 3:08-cv-00643-HEH
                                       )
RONALD J. RILEY, *et al.*,             )
                                       )
                    Defendants.        )

**MEMORANDUM OF DEFENDANTS RONALD J. RILEY *ET AL.***
**IN SUPPORT OF MOTION TO**
**STRIKE IMPERTINENT AND SCANDALOUS**
**"BACKGROUND INFORMATION" ALLEGATIONS**

The complaint in this case states causes of action for trademark infringement under both

statute and common law.  The parties disagree about whether the claims arise under both state and

federal law or only state law, but in any event, the issues presented by the complaint include whether

the plaintiff has achieved secondary meaning for the name of his law firm; whether the use of the

law firm's name on the web site "cybertriallawyer-sucks.com" creates a likelihood of confusion

about the source or affiliation of that web site or any other; whether that use constitutes a trademark

use; and whether, even if there is some likelihood of confusion, the use is defensible as fair use, free

speech under the First Amendment, or some other valid defense to a trademark claim.

However, after alleging that names and character of the parties and alleging that all of the

corporate entities are alter egos for the individual defendant Ronald Riley, ¶¶ 1-16, but before setting

forth the trademark-related allegations in paragraphs 22 through 32 of its complaint, plaintiff

launches into several pages of "Background Information" that purport to show that individual

defendant Ronald Riley is a bad person who has behaved either fraudulently or oppressively toward

Dockets.Justia.com

various persons other than the plaintiff. ¶¶ 17 through 21, at pages 4-11. In these paragraphs, Dozier alleges that Riley is a college dropout who once lived in a trailer home, that Riley claims to be an inventor but really is not, that Riley has created or "hijacked" various organizations or the names of prominent people in order to make himself seem more important, that a non-profit with which Riley is involved violates the tax laws by channeling tax-deductible donations to his personal benefit, that Riley engages in public criticisms of others in an unfair manner, that Riley seeks public attention, and that Riley seeks to identify anonymous posters or suppress criticism in violation of the First Amendment rights of those individuals or groups.

The complaint, however, does not plead any cause of action remotely related to these attacks on Riley (nor would Dozier have standing to pursue claims on behalf of others who were allegedly harmed). The only claims in the complaint are for trademark infringement under statute and common law. In no manner will the "background" facts have any relevance to those claims. Moreover, not only could consideration of these issues at trial cause serious prejudice to Riley, but inclusion of these factual contentions in the case could lead the parties on a serious and expensive discovery tangent, while compelling Riley to "justify himself" over allegations about his having lived in a mobile home, dropped out of college, placed messages on the Internet about various third parties, and the like. At most, the "background" facts consist of a series of alleged bad acts that would not be admissible to prove either that Riley's use of Dozier's name on his web site caused a likelihood of confusion, or even that he had an intent to cause confusion.

Accordingly, this is one of the rare cases in which a motion to strike is appropriate. Although such motions are disfavored, they are permitted when a part of the pleading "might confuse the issues in the case" and is not a valid basis for proceeding. *Waste Mgmt. Holdings v. Gilmore*, 252

F.3d 316, 347 (4th Cir. 2001). A motion to strike is particularly appropriate when the irrelevant matter is also scandalous, and hence calculated to cause prejudice to the party about whom they are written. *E.g.*, *Fantasy v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (in copyright infringement action, striking allegations about supposedly fraudulent tax shelter and actions of certain persons who induced counter-claim plaintiff to enter into them); *Alvarado-Morales v. Digital Equip. Corp.*, 843 F2d 613, 618 (1st Cir. 1988) (in action over events leading to loss of plaintiffs' jobs, references to a "concentration camp," "brainwash," "torture," and "Chinese communists in Korea" stricken from complaint). In *Fantasy v. Fogerty*, the burdens of answering irrelevant accusations and presenting evidence on those issues were among the reasons that supported granting the motion to strike, just as they support striking paragraphs 17 through 21 of this Complaint.

In the self-generated publicity that accompanied the filing of this case, John W. Dozier, the sole shareholder of the plaintiff law firm, proclaimed that these allegations are based on a year-long investigation that Dozier himself conducted. http://johndozierjr.typepad.com/dozierinternetlaw/ 2008/09/dozier-internet-law-ronald-j-riley-and-inventoredorg-sued.html. The allegations about Riley garnered more coverage than the technical trademark claims that form the basis for the cause of action. *E.g.*, http://www.richmond.com/business/25426. Dozier claimed that many potential plaintiffs had contacted him about their desire to sue Riley over his allegedly improper business activities, http://johndozierjr.typepad.com/dozierinternetlaw/2008/09/dozier-internet-law-v-ronald-j-riley-et-al.html, although no such clients have been identified, and Dozier himself does not have standing to sue on these alleged violations. Instead, it is quite possible that Dozier will seek discovery to further his "investigation" about Riley, which he may then publish, or use to recruit

clients to represent in actions against his adversary.

Dozier is free to conduct any investigation he wants about Riley, but he should not be given access to the tools of judicial process to do so simply because he inserted such extraneous allegations into his complaint. The allegations in paragraphs 17 through 21 of the complaint have nothing to do with **this** case, and they should be stricken.

The paragraphs are also subject to being stricken for failure to plead simply, directly and concisely as required by Rule 8(d)(1), and for failure to plead "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Rule 10(b). "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 Wright & Miller, *Federal Prac. and Proc.: Civil* § 1281, at 522 (1990). Violations of these requirements are properly remedied by a motion to strike. *Schmidt v. Herrmann*, 614 F.2d 1221, 1223 (9th Cir. 1980). These paragraphs should be stricken.

Respectfully submitted,

_____/s/_____

Thomas M. Wolf, Esq.
Virginia State Bar Number 18234
Attorney for Defendants
LeClair Ryan
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
Telephone:     804-916-7143
Facsimile:     804-916-7243
Thomas.Wolf@leclairryan.com

Paul Alan Levy, Esq.
DC Bar Number 946400
Gregory Beck, Esq.

DC Bar Number 494479
Attorney for Defendants
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, DC 20009-1001
Telephone:     202-588-7725
Facsimile:     202-588-7795
plevy@citizen.org

November 13, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of November, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following::

Donald E. Morris, Esq.
Dozier Internet Law, P.C.
11520 Nuckols Road, Suite 101
Glen Allen, Virginia 23059
Telephone: 804-346-9770
Facsimile:  804-346-0800
Email: don@cybertriallawyer.com

_____/s/_____
Thomas M. Wolf, Esq.
Virginia State Bar Number 18234
Attorney for Defendants
LeClair Ryan
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
Telephone:     804-916-7143
Facsimile:     804-916-7243
Thomas.Wolf@leclairryan.com

Paul Alan Levy, Esq.
DC Bar Number 946400
Gregory Beck, Esq.
DC Bar Number 494479
Attorney for Defendants
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, DC 20009-1001
Telephone:     202-588-7725
Facsimile:     202-588-7795
plevy@citizen.org
gbeck@citizen.org