# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| DOZIER INTERNET LAW, P.C., a Virginia corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RONALD J. RILEY, et al., )<br>)<br>)<br>Defendants. ) | CIVIL NO. 3:08cv0643 (HEH)<br><br>**DOZIER INTERNET LAW, P.C.'S BRIEF IN REBUTTAL TO DEFENDANTS' OPPOSITION TO DOZIER INTERNET LAW, P.C.'S MOTION TO REMAND THE CASE** |

COMES NOW **DOZIER INTERNET LAW, P.C.** (hereinafter referred to as **"DIL"**), a professional corporation organized under the laws of Virginia, by counsel, pursuant to Civil Local Rule 7, and sets forth this Brief in Rebuttal to Defendants' Opposition to DIL's Motion to Remand the Case ("Opposition").

Defendants' Opposition was not filed in a timely manner. Plaintiff's Motion to Remand the Case was filed with the Court and served on opposing counsel on October 29, 2008. Pursuant to Civil Local Rule 7, Defendants' Opposition was due on November 10, 2008. Defendants did not file their Opposition until November 12, 2008. However, Plaintiff respectfully submits the following points in support of its Motion to Remand and in rebuttal.

Despite Defendants' repeated contentions that Plaintiff has stated claims under "federal law," it has not. As noted, DIL does not own a federally registered trademark. As such, unless diversity jurisdiction exists, DIL cannot bring its claim for trademark infringement in federal court. *Kaplan v. Helenhart Novelty Corp.,* 182 F.2d 311, 312 (2d Cir. 1950); *Allen v. Barr*, 196 F.2d 159, 161 (6th Cir. 1952).

1

Even if Defendants' assertion is correct that diversity jurisdiction is not required in those instances where there is not a federally registered trademark, Plaintiff's Complaint sets forth its claims for trademark infringement in state court pursuant to state law and does not state a claim under the Lanham Act. As this Court is aware, "the well-pleaded complaint rule limits a district court's inquiry to the face of the complaint, recognizing that the plaintiff is the master of the complaint." *Wyatt v. Sussex Surry, LLC*, 482 F. Supp. 2d 740, 744 (E.D. Va. 2007) (citing *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (internal quotations omitted)).

It is well settled law that "removal of a trademark infringement action is improper when a plaintiff does not clearly state he is seeking relief under the Lanham Act." *In re Hot-Hed Inc.*, 477 F.3d 320, 324 (5th Cir. 2007) (citing *Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 964 (2d Cir. 1981); *La Chemise Lacoste v. Alligator Co.*, 506 F2d 339, 346 (3d Cir. 1974)). This is so, even when the plaintiff is the holder of a federally registered trademark. *Vitarroz*, 644 F.2d at 964. This is congruent with Fourth Circuit precedent concerning removal in which any doubts regarding removal necessitates remand. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Therefore, this case does not present a "federal question" and, as such, jurisdiction can only be established if there is diversity and the "amount in controversy" requirement is met.

Defendants acknowledge that the Plaintiff's Complaint asks for monetary damages of, at most, $55,000. Plaintiff has made this demand in good faith. Although it is clear on the face of the Complaint that the amount in controversy is not in excess of $75,000, Defendants continue to argue that the jurisdictional requirements are met.

First, Defendants state that although the attorneys' fees award is discretionary, it should be "counted toward the jurisdictional amount." (Memorandum in Opposition ("Opp.") at 13.) The cases cited, however, state only that the attorneys' fees "may" be counted toward the jurisdictional amount, not that they must be. *See, e.g., Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002); *see also Wall v. Fruehauf Trailer Servs.*, 123 Fed. Appx. 572, 577 (4th Cir. 2005).

Defendants state, however, that the fee request should be disregarded, even if pled in good faith, by arguing that the amount "is much lower than is likely to be awarded in a case of this character." (Opp. at 13). Defendants then cite a non-scientific, anecdotal survey and an unrelated fee request to show fees incurred in federal litigation. Defendants offer no authority or guidance as to as to how state courts award attorneys' fees. Most award a percentage of the recovery (25%) or reasonable fees in relation to the amount of any judgment obtained. The Defendants' arguments do not rise to the "legal certainty" threshold needed to cast away Plaintiff's good faith claimed amounts. *See Wiggins v. North Am. Equit. Life Assur. Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981). In fact, Defendants' arguments would have the affect of removing practically all trademark jurisdiction from state courts between citizens of different states.

Without any credible submission of evidence, Defendants then state that the "value" of the injunctive relief will bring the amount in controversy in this matter above the jurisdictional requirement. The injunction that Plaintiff seeks is the enjoinment of further illegal conduct, which is simply a court order to abide by the law, and such a mandate carries no independent value. In addition, Defendants have already removed the

links at issue from their website and the value of an injunction request, given that the relief requested is no longer necessary, is negligible.

It is respectfully submitted that the Defendants' arguments attempting to confer jurisdiction cannot be sustained.

## Conclusion

For all of the reasons set forth above and in DIL's Memorandum in Support of its Motion, the Court should grant DIL'S Motion to Remand, remand this case back to state court, make an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), and grant such other and further relief that this Court deems just and proper.

Dated: November 17, 2008                Respectfully submitted:

**DOZIER INTERNET LAW, P.C.**

By: /s/ Donald E. Morris
John W. Dozier, Jr., Esq. (VSB # 20559)
Email: jwd@cybertriallawyer.com
Donald E. Morris, Esq. (VSB # 72410)
Email: don@cybertriallawyer.com
DOZIER INTERNET LAW, P.C.
11520 Nuckols Road
Suite 101
Glen Allen, VA 23059
Phone (804) 346-9770
Fax (804) 346-0800

*Counsel for Dozier Internet Law, P.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Thomas Wolf, Esq.
    LeClair Ryan
    Riverfront Plaza, East Tower
    951 East Byrd Street, Eighth Floor
    Richmond, Virginia 23219
    Telephone (804) 916-7143
    Email: Thomas.Wolf@leclairryan.com

    Paul Alan Levy, Esq.
    PUBLIC CITIZEN LITIGATION GROUP
    1600 – 20th Street, N.W.
    Washington, D.C. 20009
    (202) 588-1000
    Email: plevy@citizen.org

    *Counsel for Defendants*

    /s/ Donald E. Morris
    Donald E. Morris, Esq. (VSB # 72410)
    Email: don@cybertriallawyer.com
    DOZIER INTERNET LAW, P.C.
    11520 Nuckols Road
    Suite 101
    Glen Allen, VA 23059
    Phone (804) 346-9770
    Fax (804) 346-0800

    *Counsel for Dozier Internet Law, P.C.*