UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND VIRGINIA

DOZIER INTERNET LAW, P.C.,           )
                                     )
                 Plaintiff,          )
                                     )
v.                                   )     No. 3:08-cv-00643-HEH
                                     )
RONALD J. RILEY, *et al.*,           )
                                     )
                 Defendants.         )

**ANSWER**

1. Admitted.

2. Admitted.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. It is denied that **all** of the defendants are properly identified as "Riley Businesses." Some of defendants are not "businesses" and some are not solely controlled by Riley. Otherwise, this

allegation is admitted.

15. Denied.

16. Denied.

17. This allegation is impertinent, irrelevant and scandalous, and it subject to being stricken. The allegation is neither simple, direct, nor concise, and it violates the requirement that allegations be set forth in separately numbered paragraphs, each of which sets forth a single circumstance. Consequently, defendants have moved to strike this paragraph. To the extent that a response to the paragraph is required, it is so full of factual errors that it is denied.

18. This allegation is impertinent, irrelevant and scandalous, and it subject to being stricken. The allegation is neither simple, direct, nor concise, and it violates the requirement that allegations be set forth in separately numbered paragraphs, each of which sets forth a single circumstance. Consequently, defendants have moved to strike this paragraph. To the extent that a response to the paragraph is required, it is so full of factual errors that it is denied.

19. This allegation is impertinent, irrelevant and scandalous, and it subject to being stricken. The allegation is neither simple, direct, nor concise, and it violates the requirement that allegations be set forth in separately numbered paragraphs, each of which sets forth a single circumstance. Consequently, defendants have moved to strike this paragraph. To the extent that a response to the paragraph is required, it is so full of factual errors that it is denied.

20. This allegation is impertinent, irrelevant and scandalous, and it subject to being stricken. The allegation is neither simple, direct, nor concise, and it violates the requirement that allegations be set forth in separately numbered paragraphs, each of which sets forth a single circumstance. Consequently, defendants have moved to strike this paragraph. To the extent that a response to the paragraph is required, it is so full of factual errors that it is denied.

21. This allegation is impertinent, irrelevant and scandalous, and it subject to being stricken. The allegation is neither simple, direct, nor concise, and it violates the requirement that allegations be set forth in separately numbered paragraphs, each of which sets forth a single circumstance. Consequently, defendants have moved to strike this paragraph. To the extent that a response to the paragraph is required, it is denied.

22. Defendants admit, deny, and respond (and/or object to responding) to the allegations in this paragraph in the same way as they respond to the separately numbered paragraphs and novelistic passages that are incorporated into by reference into this paragraph.

23. Admitted.

24. Defendant lacks sufficient information to admit or deny this allegation, which is accordingly denied.

25. It is admitted that defendant Ronald Riley has created a web page, posted on the Internet at http://cybertriallawyer-sucks.com/, that contains instances in which the trademark "Dozier Internet Law" is used as anchor text for a hypertext link, but it is denied that this occurs only twelve times; in fact, it occurs more than twenty times. It is admitted that Dozier Internet Law has numerous web sites, and it is admitted that some of the hyperlinks on the cybertriallawyer-sucks page do not go to any of the Dozier Internet Law web sites. It is admitted that some of the hyperlinks go to a page on the web site, InventorEd.org, but it is denied that this page is or has ever been the main page of the web site; in fact, it is one of the many subpages of that web site, and it is a page that links to several other pages that set forth views about sets forth views about Dozier and his law firm and one of its clients, and specifically about some of the cease-and-desist letters sent by that firm. To the extent not specifically admitted, the allegations of this paragraph are denied.

26. It is admitted that defendant Riley makes free advice available to inventors, including

advice about negotiation of license royalties. He does not provide advice to entrepreneurs and/or business start-ups that are NOT inventors. To the extent not specifically admitted, the allegations of this paragraph are denied. It is specifically denied that Dozier Internet Law offers any services that compete directly with Riley.

27. The allegation is neither simple, direct, nor concise, and it violates the requirement that allegations be set forth in separately numbered paragraphs, each of which sets forth a single circumstance. To the extent that a response to this paragraph is required, it is admitted that persons clicking on some of the links from the web page located at http://cybertriallawyer-sucks.com/ will be taken to a specific page on the web site of InventorEd.org that links to several other pages that set forth views about Dozier and his law firm and one of its clients, and specifically about some of the cease-and-desist letters sent by that firm. To the extent not specifically admitted, the allegations of this paragraph are denied.

28. It is admitted that the web page at http://cybertriallawyer-sucks.com/ is a prominent result when any person enters the term "Dozier Internet Law" as a search term on Google. To the extent not specifically admitted, the allegations of this paragraph are denied.

29. Denied.

30. Denied.

31. Defendants admit, deny, and respond (and/or object to responding) to the allegations in this paragraph in the same way as they respond to the separately numbered paragraphs and novelistic passages that are incorporated into by reference into this paragraph.

32. Denied.

PRAYER FOR RELIEF

It is denied that plaintiff is entitled to any relief whatsoever. To the contrary, defendants pray

the Court to grant judgment for defendants and to award them their costs and reasonable attorney fees.

## AFFIRMATIVE DEFENSES

1. Plaintiff has not served any of the defendants.

2. The court lacks personal jurisdiction over any of the defendants.

3. The court lacks venue.

4. The complaint fails to set forth a claim upon which relief can be granted.

5. Riley does not make trademark use of plaintiff's mark.

6. Riley's use of the mark does not create any likelihood of confusion.

7. Riley does not falsely designate the origin of his web site.

8. Riley makes fair use of the mark

9. Riley makes nominative fair use of the mark.

10. Riley's use of the mark is non-commercial.

11. Riley does not use the mark in connection with the sale, advertising or distribution of goods and services.

12. Riley's use of the mark constitutes noncommercial speech.

13. Riley's use of the mark is protected by the First Amendment.

14. Plaintiff has unclean hands.

15. To the extent that the allegations of paragraphs 17 through 21 may be intended to state a claim against Riley, plaintiff lacks standing to pursue that claim.

                                              Respectfully submitted,

                                              /s/
                                          Thomas M. Wolf, Esq.
                                          Virginia State Bar Number 18234

Attorney for Defendants
LeClair Ryan
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
Telephone:     804-916-7143
Facsimile:     804-916-7243
Thomas.Wolf@leclairryan.com

Paul Alan Levy, Esq.
DC Bar Number 946400
Gregory Beck, Esq.
DC Bar Number 494479
Attorney for Defendants
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, DC 20009-1001
Telephone:     202-588-7725
Facsimile:     202-588-7795
plevy@citizen.org

November 18, 2008

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following::

>Donald E. Morris, Esq.
>Dozier Internet Law, P.C.
>11520 Nuckols Road, Suite 101
>Glen Allen, Virginia 23059
>Telephone: 804-346-9770
>Facsimile:  804-346-0800
>Email: don@cybertriallawyer.com

>_____/s/_____
>Thomas M. Wolf, Esq.
>Virginia State Bar Number 18234
>Attorney for Defendants
>LeClair Ryan
>951 East Byrd Street, 8th Floor
>Richmond, Virginia 23219
>Telephone:    804-916-7143
>Facsimile:    804-916-7243
>Thomas.Wolf@leclairryan.com

>Paul Alan Levy, Esq.
>DC Bar Number 946400
>Gregory Beck, Esq.
>DC Bar Number 494479
>Attorney for Defendants
>Public Citizen Litigation Group
>1600 20th Street, N.W.
>Washington, DC 20009-1001
>Telephone:    202-588-7725
>Facsimile:    202-588-7795
>plevy@citizen.org
>gbeck@citizen.org