IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DOZIER INTERNET LAW, P.C., )
)
      Plaintiff, )
)
v. ) Civil Action No. 3:08CV643-HEH
)
RONALD J. RILEY, et al., )
)
      Defendants. )

## MEMORANDUM ORDER
### (Granting Plaintiff's Motion to Remand)

THIS MATTER is before the Court on Plaintiff's Motion to Remand (Dk. No. 5), filed on October 29, 2008. Plaintiff filed its Complaint in the Circuit Court for the County of Henrico, Virginia, on September 4, 2008. Defendants removed the case to this Court on October 2, 2008, on the grounds of diversity and federal question jurisdiction. Plaintiff filed its Motion to Remand on October 29, 2008, and the parties have filed extensive memoranda stating their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Motion is GRANTED, and the case is REMANDED to the Circuit Court for the County of Henrico, Virginia.

A defendant may remove an action to federal court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The burden of establishing federal jurisdiction falls upon the party seeking removal. *Mulcahey v. Columbia Organic*

*Chems.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the Court] must strictly construe removal jurisdiction." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Moreover, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.*

Defendants cite two grounds to support their removal of this case to this Court. First, Defendants contend that the Court has diversity jurisdiction over this case pursuant 28 U.S.C. § 1332. Second, Defendants maintain that the Court has federal question jurisdiction over the case because Plaintiffs have asserted a claim under the Lanham Act, 15 U.S.C. §§ 1114 *et seq.*

For the Court to have diversity jurisdiction, Defendants must establish that the parties possess diversity in citizenship and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The Complaint alleges that Plaintiff is a Virginia corporation and that Defendants are Michigan corporations. Thus, the Complaint satisfies the diversity of citizenship requirement. The Complaint, however, alleges that the amount in controversy is only $55,000. Defendants urge this Court to find that the actual amount in controversy is more than $75,000 because the Complaint underestimates the amount of legal fees Plaintiff will incur and fails to account for the value of the injunction Plaintiff seeks.

The Court finds that the Defendants have failed to produce any persuasive evidence to support a finding by this Court that Plaintiff's claimed amount in controversy

was not made in good faith. Defendants provide only anecdotal evidence that Plaintiff's legal fees will exceed $10,000, and they have produced no evidence establishing that the value of the injunction sufficiently increases the amount in controversy to satisfy the statutory threshold amount of $75,000. In fact, the record before the Court suggests that injunction is no longer necessary because Defendants have removed the contested links from their website. (Pl.'s Reply, at 4.) Defendants have failed to satisfy their burden of establishing jurisdiction pursuant to 28 U.S.C. § 1332, and the Court finds that it lacks diversity jurisdiction over this case.

The Court will now turn to Defendants' claim that removal of the case was proper based on federal question jurisdiction. Defendants contend that, while Plaintiff's Complaint lacks any reference to a federal statute and arises out of the alleged infringement of a state-registered trademark, Plaintiff has asserted a trademark infringement claim under the Lanham Act, 15 U.S.C. § 1125(a). While the Fourth Circuit has not addressed the issue, other circuits have held that "removal of a trademark infringement action is improper when a plaintiff does not clearly state he is seeking relief under the Lanham Act." *In re Hot-Hed, Inc.*, 477 F.3d 320, 324 (5th Cir. 2007); *Vittaroz Corp. v. Borden, Inc.*, 644 F.2d 960, 964 (2d Cir. 1981); *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 346 (3d Cir. 1974). The Complaint makes no mention of the Lanham Act, and the Court can find no federal question apparent from the face of the Complaint.

Accordingly, Defendants have also failed to satisfy their burden of establishing

federal question jurisdiction. Plaintiff's Motion to Remand is GRANTED. The case is REMANDED to the Circuit Court for the County of Henrico, Virginia.

The Clerk is directed to send a copy of this Order to all counsel of record and to the Clerk for the Circuit Court for the County of Henrico, Virginia.

It is SO ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 29 2008
Richmond, VA